**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

STACEY WEBB,

       Plaintiff,

v.                                 Case No. 05-CV-74868

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S OBJECTIONS,**
**ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,**
**GRANTING DEFENDANT'S SUMMARY JUDGMENT MOTION,**
**AND DENYING PLAINTIFF'S SUMMARY JUDGMENT MOTION**

On December 29, 2006, Magistrate Judge Steven D. Pepe issued a Report and

Recommendation in the above-captioned matter, recommending that the court grant

Defendant Commissioner of Social Security's motion for summary judgment, and deny

Plaintiff Stacey Webb's motion for summary judgment.  On January 8, 2007, Plaintiff

filed timely objections to the Magistrate Judge's report and recommendation.  After

being granted a brief extension, Defendant filed a response on January 29, 2007.  The

court will deny Plaintiff's objections, adopt the report and recommendation, grant

Defendant's motion for summary judgment, and deny Plaintiff's motion for summary

judgment.

**I.  STANDARD**

**A. Substantial Evidence Standard**

Under 42 U.S.C. § 405(g), the findings of fact of the Commissioner are

conclusive if supported by substantial evidence.  When the Appeals Council declines

review, "the decision of the ALJ becomes the final decision of the [Commissioner]."

*Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (per curiam). Judicial review when the Appeals Council declines to hear an appeal of the denial of benefits is limited to the record and evidence before the ALJ. *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993). Thus, in this case, the court's review of the ALJ's decision "is limited to determining whether the [ALJ's] findings are supported by substantial evidence and whether [he] employed the proper legal standards in reaching [his] conclusion." *Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

The court's review of the record for substantial evidence is quite deferential to the ALJ's evaluation of the facts. The court must uphold the ALJ's finding if supported by substantial evidence. "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard*, 889 F.2d at 681. "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Casey*, 987 F.2d at 1233. Moreover, the court bases its review on the entire record, not just what the ALJ cited. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001) ("Judicial review of the Secretary's findings must be based on the record as a whole. Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council.").

**B. Timely Objections and De Novo Review**

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See *United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). The court may "receive further evidence" if desired. *Id.*

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. *Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505, 508 (6th Cir. 1991) ("It is arguable in this case that Howard's counsel did not file objections at all . . . [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong."); *Slater v. Potter,* 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard*, 932 F.2d at 509).

A party who files timely objections to a magistrate's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Walters*, 638 F.2d at 949-50. The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), a habeas corpus case. The Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues--factual and legal--that are at the heart of the parties' dispute." *Id.* at 147 (footnote omitted).

Further, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

## II. DISCUSSION

Although Plaintiff filed a fifteen-page document entitled "Plaintiff's Objections to Magistrate Judge's Report & Recommendation," eleven of those pages are copied verbatim from Plaintiff's motion for summary judgment. Plaintiff makes no attempt to tailor her reproduced summary judgment arguments to any reasoned analysis of the magistrate judge's report and recommendation. Therefore, the court does not view those eleven pages as raising any objection subject to review under 28 U.S.C. § 636(b)(1). *See Howard,* 932 F.2d at 508-09; *Slater,* 28 F. App'x at 513; *Miller,* 50 F.3d at 380. On pages eleven through fourteen, however, Plaintiff sets forth three specific objections to the magistrate judge's report. The court has considered each of these objections, but will nonetheless reject them for the reasons set forth below.

4

**A.  Objection # 1**

In Plaintiff's first objection, she argues that the Magistrate Judge "misstates distorts and ignores the factual record."  (Obj. at 11.)  Plaintiff gives seven examples of these alleged "distortions."  The court has reviewed Plaintiff's examples and finds Plaintiff's first objection to be without any basis.  First, Plaintiff complains about the magistrate judge's statement that "reading is [Plaintiff's] only hobby."  (R&R at 2.)  Not only was this statement given purely as a background information (and not relied upon in the magistrate judge's analysis section), but the statement is sufficiently supported by Plaintiff's testimony that "reading is the only hobby I've ever really had."  (Tr. at 269.)  Although Plaintiff also testified that she doesn't read "a lot" anymore (Tr. at 268), this does not detract from her testimony that reading, as the magistrate judge noted, is her only hobby.

Plaintiff next complaints about the magistrate judge statement that Plaintiff "is able to function," despite her headaches.  (Obj. at 11.)  Plaintiff implies that the magistrate judge ignored her testimony that "on a lot of days [her headaches] put [her] to bed with crying and just, [she has] to get in darkness to relieve them, take Darvocet."  (Tr. at 260.)  The magistrate judge did not, however, ignore this testimony but specifically stated that "She is able to function, *but often cries and has to take medication two to three times a week.  In addition, she occasionally has to 'get into darkness to relieve them' and takes Darvocet.*"  (R&R at 3-4, emphasis added and internal citation omitted.)  Although Plaintiff also takes issue with the magistrate judge's use of the word "occasionally," the court finds nothing misleading or improper in the magistrate judge's recitation of Plaintiff's testimony, or in his use of the word

5

"occasionally."  Nor does the court find anything inconsistent with the magistrate judge's

statement that "Plaintiff has not tried anything other than Darvocet for her headaches,"

(R&R at 4), which is taken directly from Plaintiff's own testimony, (Tr. at 263) and, in any

event, does not carry any "silly" connotation as Plaintiff suggests.  Similarly, the

magistrate judge also accurately reflected Plaintiff's testimony in his statement that

Plaintiff "does not know if she could work sedentary jobs that did not require a

computer."  (R&R at 6.)  Indeed, Plaintiff testified that she "honestly [didn't] know" if she

could perform such jobs.  (Tr. at 271.)

    The court flatly rejects Plaintiff's argument that the magistrate judge "hints darkly

with innuendo that the Plaintiff has a drinking problem."  (Obj. at 11.)  The magistrate

judge expressly stated that "Plaintiff does not drink," (R&R at 5), and there is no reason

to think, as apparently Plaintiff's counsel does, that this statement is sarcastic or

somehow tongue-in-cheek.

    Finally, Plaintiff takes issue with the ALJ's questioning of the vocational expert,

which Plaintiff characterizes as "brazenly partisan" and argues that the magistrate judge

"pretend[ed] not to see any of this."  (Obj. at 12.)  Plaintiff argues that the ALJ did more

than, as the magistrate judge wrote, "clarifying" or "later ask[ing]" questions to the

vocational expert, but instead was "hellbent on denying benefits and was fishing for a

set of facts he could create and utilize in order to deny this claim."  (*Id.*)  The court

disagrees.  After reviewing the challenged questions, it is clear to the court that the ALJ

was indeed attempting to clarify what was meant by "bright lights," by first stating that

they would be brighter than those commonly found in offices (Tr. at 275), and then

asking how the potential jobs would be affected if ordinary office lights were

6

problematic, (Tr. at 277).  The magistrate judge's interpretation of these questions is consistent with the record.  Moreover, contrary to Plaintiff's unsupported assertions, there is nothing improper about an ALJ ensuring that his hypothetical is understood.  In fact, the ALJ's second clarification, which eliminated *all* typical office lights rather than merely very bright lights, imposed a *more* stringent restriction on the field of possible jobs.

Plaintiff's first objection, which identifies no actual misstatements or distortions of the factual record, is therefore denied.

## B.  Objection # 2

In her second objection, Plaintiff asserts that the magistrate judge failed to give the proper weight to the opinions of her treating physicians.  (Obj. at 12.)  Plaintiff claims that the magistrate judge gave "lip service" to the relevant law, but in reality employed a "revolutionary approach" to his review of the ALJ's determination.  (*Id.* at 12-13.)  The court disagrees.

The magistrate judge correctly stated the law that the opinions of treating physicians are entitled to substantial weight.  (R&R at 16.)  What Plaintiff fails to acknowledge and what the magistrate judge understood, is that the opinion of a treating physician must be based on sufficient medical data, and the ALJ may reject an opinion when not supported by objective medical evidence. *Young v. Sec'y of Health & Human Servs.,* 925 F.2d 146, 151 (6th Cir. 1990) (*citing Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir.1985)).  Further, the ALJ may "properly consider[ ] the Claimant's credibility in deciding how much deference to give Claimant's subjective complaints made to his treating physician. Treating physicians' opinions are only accorded great weight when

7

they are supported by sufficient clinical findings and are consistent with the evidence."
*Chandler v. Comm'r of Social Sec.*, 124 F. App'x 355, 358 (6th Cir. 2005) (*citing Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286-87 (6th Cir. 1994)).   The court agrees with the magistrate judge that, in this case, the ALJ's weighing of the medical reports was supported by substantial evidence.  As detailed by the magistrate judge, the ALJ properly rejected those opinions which were not supported by specific clinical findings and were instead supported by Plaintiff's subjective complaints.  Plaintiff's objection is therefore denied.

### C.  Objection # 3

In Plaintiff's last objection, she claims that the magistrate judge "blithely covers up the fact that the now former ALJ refused to permit Plaintiff's Counsel to fully cross-examine the vocational expert."  (Obj. at 13.)  The court has reviewed the challenged portion of the hearing transcript and finds that the magistrate judge's analysis of this issue was correct.  The magistrate judge determined, as does this court, that rather than being prevented from cross-examining the vocational expert, Plaintiff's counsel was given an opportunity to rephrase a question, but declined.  (R&R at 19 n.8.)  This case is similar to *Baranich v. Barnhart*, 128 F. App'x  481 (6th Cir. 2005), in which the Sixth Circuit held:

> A review of the hearing transcript shows that the ALJ did not prevent Baranich's attorney from questioning the VE. Rather, the ALJ asked Baranich's attorney to rephrase a question. The attorney did not attempt to restate the question and instead abandoned all questioning. His failure to continue cross-examination resulted from his own decision and not from a directive of the ALJ.

*Id.* at  489; s*ee also Bartyzel v. Comm'r of Social Sec.*, 74 F. App'x 515, 528 (6th Cir. 2003) ("The plaintiff's attorney was able to make the relevant inquiry, and the ALJ's

8

instruction to rephrase the question did not limit the attorney's ability to effectively cross-examine the VE.").  The court agrees with the magistrate judge that Plaintiff's assertion that she was prevented from cross-examining the vocational expert is unfounded.[1]  Plaintiff's counsel was given an opportunity to rephrase his question, but declined.  Plaintiff's objection is therefore rejected.

The court's independent review of the magistrate judge's report and recommendation reveals a thorough understanding of the relevant facts and applicable law.  The court is persuaded that the magistrate judge's report is a complete analysis and recommends the correct result.  The court will adopt the magistrate judge's report and recommendation as the determination of the court.

### III.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's objections [Dkt. # 22] are DENIED and the Magistrate Judge's November 27, 2006 report and

---

[1] The court is not persuaded by Plaintiff's counsel's argument that this particular ALJ "routinely not only objected to Counsel's right to ask questions . . . but routinely refused claimants of their right to make an offer of proof."  (Obj. at 13-14.)  Plaintiff's unsupported assertion regarding other cases is irrelevant to whether the ALJ acted properly in *this* case.  In addition, the court's review of the interplay between Claimant's (now Plaintiff's) attorney, Mr. MacDonald, and the ALJ at TR. pp. 182-185 reveals an unusual and unwarranted level of hostility employed by counsel in his colloquy with the judge. Should such language have been used by this attorney in a hearing before this bench, a warning of potential contempt would have been quickly issued and counsel specifically cautioned. It is a similar vein that Mr. MacDonald, still the attorney on this file, has without support accused this court's magistrate judge of "blithely cover[ing] up" facts in this record, and characterized the magistrate judge's suggestions as "ridiculous[ ]." Pl. Obj. #3. Such heated rhetoric in a pleading in this court is beneath the standard expected of attorneys privileged to practice in this court. *See* E. D. Mich. Civility Principles, "Attorneys Responsibilities to the Court," (1)("We will speak and write civilly and respectfully . . . .").

recommendation [Dkt. # 21] is ADOPTED IN FULL AND INCORPORATED BY

REFERENCE.

IT IS FURTHER ORDERED that Defendant's motion for summary judgment

[Dkt. # 16] is GRANTED and Plaintiff's motion for summary judgment  [Dkt. # 11] is

DENIED.

 s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  January 31, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on
this date, January 31, 2007, by electronic and/or ordinary mail.

 s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\05-74868.WEBB.AdoptR&R.2.wpd